UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREG TAYLOR, | ) |
|         Plaintiff, | ) |
|       v. | ) No. 1:22-cv-01496-JMS-DML |
| WILLIAM JONES, *et al.*, | ) |
|         Defendants. | ) |

**ORDER DENYING WITHOUT PREJUDICE
MOTIONS FOR PRELIMINARY INJUNCTION**

Greg Taylor is incarcerated at New Castle Correctional Facility (NCCF). This action is based on Mr. Taylor's allegations that the defendants (Centurion of Indiana, LLC, and healthcare professionals it has employed to treat Mr. Taylor) have violated his rights by depriving him of necessary care for several mental health conditions. These deprivations, he alleges, have resulted in numerous episodes in which he has cut and severely injured himself with razor blades.

Mr. Taylor has filed two motions for preliminary injunctive relief, neither of which clearly states what relief Mr. Taylor would like the Court to order. Dkts. 3, 12. His brief in support of these motions, however, clearly states three requests: that he be prescribed the antidepressant Wellbutrin; that he receive treatment for attention deficit disorder (ADD); and that the NCCF practice of using inmates to monitor fellow inmates on suicide watch be enjoined. Dkt. 22 at 1. For the reasons discussed below, Mr. Taylor has not demonstrated that preliminary injunctive relief is warranted at this time.

**I. Preliminary Injunction Standard**

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). The

plaintiff first must show that "(1) without this relief, it will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.*

"A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762−63 (7th Cir. 2020). The precise likelihood of success required depends in part on the balance of harms: "the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020).

Under the Prison Litigation Reform Act (PLRA), "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

## II. Discussion

Mr. Taylor requests injunctive relief requiring the defendants to prescribe Wellbutrin, treat him for ADD, and eliminate the NCCF practice of inmates to monitor fellow inmates on suicide watch. Mr. Taylor has failed to show that any of these three requests is supported by a likelihood of success on the merits or appropriately tailored under the PLRA.

Mr. Taylor has filed a motion to "stay" any decision on his motions for preliminary injunctive relief until he can develop stronger evidence to support his claims. Dkt. 36. Rather than

leave the motions pending, however, the Court denies Mr. Taylor's motions without prejudice, allowing him to seek preliminary injunctive relief if and when he is able to make the strong showing necessary.

A.  **Wellbutrin Prescription**

Mr. Taylor states that Wellbutrin "provides him relief from his mental defects and has no side effects." Dkt. 22 at 3. Unfortunately, Mr. Taylor provides no information in his motion about Wellbutrin, what it is used to treat, why he was prescribed Wellbutrin initially, or why his prescription was discontinued.

Mr. Taylor's claims proceed primarily under the Eighth Amendment. "Prison officials violate the [Eighth Amendment's] prohibition on cruel and unusual punishment if they act with deliberate indifference to a prisoner's serious medical condition." *Perry v. Sims*, 990 F.3d 505, 511 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment' or 'is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Id.* (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).

"As its name implies, deliberate indifference requires 'more than negligence and approaches intentional wrongdoing.'" *Goodloe v. Sood*, 947 F.3d 1030 (7th Cir. 2020) (quoting *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "Rather, the evidence must show that the prison official . . . knew or was aware of— but then disregarded—a substantial risk of harm to an inmate's health." *Goodloe*, 947 F.3d at 1030. A medical professional commits textbook deliberate indifference when he or she:

- renders a treatment decision that departs so substantially "'from accepted professional judgment, practice, or standards as to demonstrate that'" it is not

    based on judgment at all. *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) (quoting *Cole v. Fromm*, 94 F.3d 254, 260 (7th Cir. 1996)).

- refuses "to take instructions from a specialist." *Id.*

- persists "in a course of treatment known to be ineffective." *Id.* at 729–30.

- chooses "an 'easier and less efficacious treatment' without exercising professional judgment." *Id.* at 730 (quoting *Estelle*, 429 U.S. at 104 n.10).

- effects "an inexplicable delay in treatment which serves no penological interest." *Id.*

  Mr. Taylor has not provided a basis for the Court to find deliberate indifference on any of these theories. He has stated that, in his experience, Wellbutrin effectively manages his inclinations toward harming himself. The record contains no details about when and how Wellbutrin is most effectively employed. Mr. Taylor has provided no information about when and why his Wellbutrin prescription was discontinued, and no evidence suggests that any of the defendants have refused a specialist's orders to provide Wellbutrin. Indeed, a medical record from late 2021 documents that Dr. William Jones considered Mr. Taylor's request for Wellbutrin and found "no reason to put him on" it. Dkt. 24-1 at 38.

  Mr. Taylor has not demonstrated a higher likelihood of demonstrating negligence under Indiana law. "A negligence case in Indiana consists of three elements: (1) a duty to the plaintiff by the defendant, (2) a breach of that duty by the defendant, and (3) an injury to the plaintiff proximately caused by that breach." *Wallace v. McGlothan*, 606 F.3d 410, 420 (7th Cir. 2010) (citing *Topp v. Leffers*, 838 N.E.2d 1027, 1032 (Ind. Ct. App. 2005)). When a medical condition is "subjective"—that is, not directly observable or identifiable through reproducible diagnostic examinations—expert medical testimony is necessary to show that a breach of duty proximately caused the injury. *Topp*, 838 N.E.2d at 1033. Mr. Taylor has presented no evidence but his own

testimony that Wellbutrin effectively treated his condition, and he has presented no evidence at all that failure to prescribe it causes his symptoms.

It is well-settled that prisoners are "not entitled to demand specific care." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). At present, Mr. Taylor's request for an injunction prescribing Wellbutrin amounts only to such a demand. As this action continues and the parties exchange discovery, he may be able to find additional support for his contention.

**B.    ADD Treatment**

The record contains less information to support Mr. Taylor's request for ADD treatment than his request for Wellbutrin. Mr. Taylor has attached a medical record from 2008 diagnosing him with ADD. Dkt. 26-1 at 11. Mr. Taylor has not presented any evidence that the defendants knew of that diagnosis or had reason to know of it. He has not presented any evidence that his condition remains unchanged from fourteen years ago. And he has not presented any evidence that would allow the Court to determine what treatment for ADD could be ordered appropriately in a preliminary injunction.

**C.    Inmate Monitoring Program**

Finally, Mr. Taylor asks the Court to enjoin the practice at NCCF of utilizing inmates to monitor inmates who are on suicide watch. Mr. Taylor contends that such inmates have enabled him to harm himself by providing him with razor blades.

Only a person who "would be responsible for ensuring that any injunctive relief is carried out" is a proper defendant for an injunctive-relief claim. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The defendants offer the following response:

> Plaintiff provides no evidence regarding the suicide watch companion program or who employs the offenders. In fact, the suicide watch companions are provided by the IDOC, not Centurion. Plaintiff alleges that Centurion has a policy of permitting

5

    offenders to serve as suicide companions, but he has not provided any evidence to establish that policy.

Dkt. 24 at 21.

    The defendants have not supported their response with a citation to an affidavit or any other evidence regarding who operates the suicide companion program or holds authority to terminate it. Nevertheless, they have denied Mr. Taylor's assertion, and he has not provided any evidence that the defendants are proper subjects of the injunction he seeks. Accordingly, the Court cannot find that he is likely to succeed on the merits of this issue. Moreover, because Mr. Taylor has asserted only that one aspect of the companion program has been harmful to him, the Court cannot find at this stage that dissolving the program all together is a narrowly tailored solution to the problem he has described.

### III. Conclusion

    Mr. Taylor's motions for preliminary injunctive relief, dkts. [3] and [12], are **denied without prejudice**. Mr. Taylor's motion to stay decisions on these motions, dkt. [36], is **denied**.

    **IT IS SO ORDERED.**

Date: 10/27/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

GREG TAYLOR
883235
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Travis W. Montgomery
Bleeke Dillon Crandall, P.C.
travis@bleekedilloncrandall.com