UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GREG TAYLOR, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01496-JMS-CSW |
| | ) | |
| WILLIAM JONES, | ) | |
| | ) | |
| *Defendant*. | ) | |

**ORDER**

*Pro se* Plaintiff Greg Taylor[1] was incarcerated at Pendleton Correctional Facility ("PCF") and brought this lawsuit asserting Eighth Amendment deliberate indifference, First Amendment retaliation, and state law negligence claims against various Correctional Officers, Centurion Health of Indiana, LLC ("Centurion"), several Centurion-employed healthcare providers, and Dr. William Jones, a *locum tenens* physician.[2] The Clerk entered default against Dr. Jones for failure to appear, answer, or otherwise plead in this matter, [Filing No. 198], and the Court subsequently denied a Motion for Summary Judgment filed by Ms. Taylor and granted Motions for Summary Judgment filed by the Defendants other than Dr. Jones, [Filing No. 203]. Ms. Taylor has now filed a Motion

---

[1] The Court takes judicial notice of *Star Gregory A. Taylor v. Reagle, et al.*, 2:24-cv-00115-JPH-MG (S.D. Ind. Apr. 9, 2024), a separate matter also filed by Greg Taylor in which she is proceeding *pro se*. In it, Ms. Taylor states that she is a transgender prisoner and refers to herself with feminine pronouns. Accordingly, the Court has adopted feminine pronouns for Ms. Taylor in this matter. *Dyjak v. Wilkerson*, 2022 WL 1285221, at *1 (7th Cir. Apr. 29, 2022) (explaining federal courts' "normal practice of using the pronouns adopted by the person before [them]").

[2] A *locum tenens* physician is "one filling an office for a time or temporarily taking the place of another." https://www.merriam-webster.com/dictionary/locum%tenens (last visited August 6, 2025).

1

for Default Judgment against Dr. Jones, which is ripe for the Court's consideration. [Filing No. 205.]

# I.
## BACKGROUND

Ms. Taylor initiated this litigation on July 27, 2022. [Filing No. 1.] Her claims stem from her attempted suicide, after which she was placed in the Hospital Restoration Unit ("HRU") – a unit designated for inmates on active suicide watch – where she was repeatedly able to obtain razor blades from her "suicide companions" (other inmates whose job it is to log what their assigned inmate is doing) and engage in self-harm. [*See* Filing No. 203 at 6-8.]

The Court originally identified Dr. Jones as an employee of Centurion and directed Centurion to notify the Court of Dr. Jones' last known address, but Centurion then explained that Dr. Jones was never a Centurion employee and instead was a *locum tenens* provider employed through the Indiana Minority Health Coalition. [Filing No. 31; Filing No. 40 at 1.] The Court then identified a likely address for Dr. Jones but when efforts to serve him failed, it directed the United States Marshals Service to serve him. [Filing No. 57; Filing No. 114.] The United States Marshals Service personally served Dr. Jones on September 14, 2023. [Filing No. 122.] After service, Dr. Jones failed to appear in this matter and to answer or otherwise plead. On October 22, 2024, the Court granted a Motion for Default Judgment filed by Ms. Taylor, but only to the extent that it directed the Clerk to enter default against Dr. Jones. [Filing No. 198.]

On March 25, 2025, the Court denied Ms. Taylor's Motion for Summary Judgment and granted Motions for Summary Judgment filed by all Defendants except for Dr. Jones. [Filing No. 203.] The Court found, in part, that there was no evidence that the Correctional Officers Ms. Taylor named as Defendants were assigned to the HRU or responsible for duties related to the HRU during the time that Ms. Taylor was housed there; that the various medical staff Ms. Taylor

named as Defendants (other than Dr. Jones) either were not involved in her treatment or did not act with deliberate indifference; and that there was no evidence that a Centurion policy or failure to implement a needed policy caused a deprivation of Ms. Taylor's constitutional rights. [Filing No. 203 at 9-16.]

The same day that the Court denied Ms. Taylor's Motion for Summary Judgment and granted summary judgment in favor of Defendants (except for Dr. Jones), it issued an Order stating that if Ms. Taylor intended to pursue a default judgment against Dr. Jones, she needed to file a motion detailing the relief she seeks from the Court by April 14, 2025. [Filing No. 204.] Ms. Taylor timely filed her Motion for Default Judgment, which is now ripe for the Court's consideration. [Filing No. 205.]

## II.
### STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for a party seeking default judgment. *McCarthy v. Fuller*, 2009 WL 3617740, at *1 (S.D. Ind. Oct. 29, 2009); *see also Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment."). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Second, after obtaining an entry of default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b).

When entry of default has been obtained, "the well-pleaded allegations of a complaint relating to liability are taken as true," *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quotation and citation omitted), but "those relating to the amount of damages suffered ordinarily are not," *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "The defaulting party cannot contest the fact of his liability unless the entry of default is vacated under

3

Rule 55(c)." *VLM Food Trading Int'l, Inc.*, 811 F.3d at 255. "[T]he entry of default does not of itself determine rights," but "[t]hat role is reserved for a default judgment." *Id.* (quotation and citation omitted). "'A default judgment establishes, as a matter of law, that [a defendant is] liable to [the] plaintiff on each cause of action alleged in the complaint.'" *Wehrs*, 688 F.3d at 892 (quoting *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)). A default judgment can only be granted as to what is alleged and demanded in the complaint. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Similarly, the Court will only grant relief that is requested in the motion for default judgment. *GS Holistic, LLC v. MKE Vapor, Inc. d/b/a MKE Vape*, 2023 WL 8238953, at *5 n.6 (E.D. Wis. Nov. 28, 2023) (declining to analyze damages that the plaintiff sought in its complaint but did not mention in its motion for default judgment).

### III.
### DISCUSSION

In her Motion for Default Judgment, Ms. Taylor argues that the Court must accept as true her allegations that "Dr. Jones was responsible for administering mental health treatment for [Ms. Taylor], that he exhibited a deliberate indifference to the mental health and safety of [Ms. Taylor] by failing to prescribe medication that could alleviate [and] eliminate her compulsions to self-harm and/or failed to meet with and make any attempt to resolve her suicidal tendencies; and finally that this deliberate indifference resulted in [Ms. Taylor] experiencing anxiety, stress, and suicidal ideation leading to self-harm, pain and suffering, mental anguish, disfigurement, and other mental and physical harm." [Filing No. 205 at 8-9.] She seeks an award of $200,000 in compensatory damages and $100,000 in punitive damages. [Filing No. 205 at 9.] Ms. Taylor also seeks a hearing to determine whether Centurion is responsible for Dr. Jones' actions under the doctrine of respondeat superior, or whether Dr. Jones was a *locum tenens* physician as Centurion claimed

4

earlier in the litigation. [Filing No. 205 at 9.] Ms. Taylor points to evidence that she argues shows that Dr. Jones was actually an employee or agent of Centurion, rather than a *locum tenens* physician. [Filing No. 205 at 9-12.]

Centurion has filed a response to Ms. Taylor's Motion for Default Judgment, arguing that an entry of default against Dr. Jones "does not determine the rights of Centurion, nor does it preclude Centurion from fully litigating all of the issues and defenses implicated by Ms. Taylor's operative complaint," and that "an allegation deemed admitted as to Dr. Jones by virtue of his default is not deemed admitted as to Centurion, and Centurion never forfeited the right to dispute and disprove the merits of Ms. Taylor's claims in this case." [Filing No. 210 at 9.] It asserts that "[a]dmitting the allegations of Mr. Taylor's complaint with regard to Centurion would have the practical effect of unfairly binding the party who appeared, fully participated in the litigation, and successfully demonstrated that Ms. Taylor cannot prevail on the merits of her claims." [Filing No. 210 at 10.] Centurion argues further that Ms. Taylor's allegations were against all of the medical providers collectively and that she "did not direct any of her allegations to Dr. Jones exclusively." [Filing No. 210 at 12-13.] It notes that the Court found in connection with the Motions for Summary Judgment that Ms. Taylor's medical malpractice and deliberate indifference claims required her to present expert testimony and she had not done so, which was fatal to those claims. [Filing No. 210 at 14.] Centurion asserts that "[p]ermitting entry of default judgment as to Dr. Jones after resolving the claims of joint medical malpractice and deliberate indifference in favor of Centurion and all other Medical Defendants on the merits would be logically inconsistent and contrary to law." [Filing No. 210 at 14.] Finally, Centurion argues that Ms. Taylor never challenged Centurion's representation that Dr. Jones was not a Centurion employee but rather was

a *locum tenens* provider, and that Ms. Taylor was required to present her complaint to a medical review panel before initiating litigation against him and never did so. [Filing No. 210 at 16-17.]

Ms. Taylor did not file a reply.

**A.     Liability**

    *1.     Default Judgment Against Dr. Jones*

The Court notes at the outset that this case is in an odd procedural posture. On the one hand, Centurion has disavowed any employer/employee relationship with Dr. Jones but on the other, it has responded to Ms. Taylor's Motion for Default Judgment and asserted some arguments on Dr. Jones' behalf through counsel that has not entered an appearance as counsel for Dr. Jones. The Court focuses on Dr. Jones' participation in this lawsuit thus far, or lack thereof, and the allegations that Ms. Taylor asserts against him in the Amended Complaint, [Filing No. 129], and not on Centurion's arguments on behalf of Dr. Jones.

It is undisputed that Dr. Jones has not participated in this litigation to date. It is also undisputed that the United States Marshals Service served him with a copy of the Complaint and a summons on September 14, 2023. [Filing No. 122.] Accordingly, the Court looks to the allegations Ms. Taylor has set forth against him.

As the Court has already found in its various screening orders, Ms. Taylor has adequately set forth an Eighth Amendment deliberate indifference claim and a state law negligence claim against Dr. Jones related to Ms. Taylor's time on constant suicide watch in the HRU. [*See* Filing No. 7; Filing No. 133; Filing No. 203 at 5.] The Court reiterates that the allegations contained in the Amended Complaint, accepted as true, are sufficient to demonstrate that Dr. Jones acted with deliberate indifference in his treatment of Ms. Taylor and also acted negligently in violation of state law.

The Court acknowledges Centurion's argument that Ms. Taylor did not present expert testimony to support her negligence claim. But she moved for a Clerk's entry of default against Dr. Jones before the Centurion-related Defendants had filed their Motion for Summary Judgment and before the other Motions for Summary Judgment were fully briefed, [Filing No. 168], and obtained the Clerk's entry of default before the Motions for Summary Judgment were decided, [Filing No. 198]. Having obtained a Clerk's entry of default, Ms. Taylor could then rely on the allegations in the Amended Complaint, which the Court must accept as true in any event, in order to prove Dr. Jones' liability.

Additionally, the Court is not concerned with any aspects of its ruling on the Motions for Summary Judgment being inconsistent with granting default judgment in favor of Ms. Taylor as to her claims against Dr. Jones. Inconsistency is generally only a concern when defendants are sued jointly, some obtain summary judgment, and others are subject to a default judgment. *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 951 (7th Cir. 2020) ("Defendants sued jointly should not be subjected to inconsistent judgments."). Here, Ms. Taylor does not appear to sue the various medical providers jointly. While she refers generally to them as a group in her Amended Complaint, [*see, e.g.*, Filing No. 129 at 4 (listing ways in which "[t]he Centurion Defendants" were negligent)], she does not allege that they were jointly liable. Moreover, Centurion advised early in the litigation that Dr. Jones was not a Centurion employee – a fact the Court addresses below and which Ms. Taylor did not meaningfully challenge.[3]

---

[3] Ms. Taylor noted in her response to Defendants' Motions for Summary Judgment that "[t]here can be no doubt that Dr. Jones was a part of [the] 'inter-disciplinary team' [of medical providers] and implemented treatment decisions," and that "[t]herefore, Centurion would be vicariously responsible for the tortious conduct of Dr. Jones." [Filing No. 193 at 7 n.1.] But she did not expand on her argument, nor make any effort to contest Centurion's position that Dr. Jones was a *locum tenens* provider.

Finally, Centurion's argument that Ms. Taylor's negligence claim against Dr. Jones fails because she did not present it to a medical review panel was not raised on summary judgment and is an argument on the merits, advanced by counsel for another party, which the Court will not entertain at the default judgment stage.

Because Dr. Jones has not participated in this litigation, and since Ms. Taylor's allegations, taken as true, establish Dr. Jones' liability, Ms. Taylor's Motion for Default Judgment, [Filing No. 205], is **GRANTED IN PART** as to Dr. Jones' liability in connection with Ms. Taylor's Eighth Amendment deliberate indifference claim and her negligence claim.

2. *Centurion's Respondeat Superior Liability*

In her Motion for Default Judgment, Ms. Taylor requests a hearing to determine whether Dr. Jones was an employee, agent, or representative of Centurion at the time of his acts that underlie this litigation "such that Centurion is vicariously responsible for the judgment entered against Dr. Jones." [Filing No. 205 at 12.] The Court acknowledges that Centurion's response to this aspect of Ms. Taylor's Motion is appropriate, despite the fact that Centurion's counsel does not represent Dr. Jones.

As for Ms. Taylor's Eighth Amendment deliberate indifference claim, Centurion cannot be liable for Dr. Jones' actions related to that claim as a matter of law because Ms. Taylor has not argued that Centurion maintained an unconstitutional custom or policy that caused an Eighth Amendment violation – and the Court found as much in its Order on the Motions for Summary Judgment. [*See* Filing No. 203 at 15 (citing *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021)).] And Ms. Taylor did not allege in her Amended Complaint that Centurion is liable for Dr. Jones' actions in connection with that claim or with the negligence claim. Further, she has not meaningfully disputed that Dr. Jones was a *locum tenens* provider since

8

Centurion made that representation. Ms. Taylor cannot now claim that Centurion is responsible for Dr. Jones' actions based on a theory of respondeat superior and the Court **DENIES IN PART** her Motion for Default Judgment, [Filing No. 205], to the extent she requests that the Court set a hearing regarding whether Dr. Jones was employed by Centurion and whether Centurion should be vicariously responsible for a judgment entered against Dr. Jones.

### B. Damages

"[W]hile a default judgment conclusively establishes liability, the victor must still prove up damages." *Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014). Accordingly, a district court must "'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *e360 Insight*, 500 F.3d at 602 (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). Generally, "judgment by default may not be entered without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *e360 Insight*, 500 F.3d at 602 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Ms. Taylor seeks a judgment in the amount of $200,000 in compensatory damages and $100,000 in punitive damages. She relies heavily on the expert report of Dr. Virani, filed in connection with the Motions for Summary Judgment. [*See* Filing No. 205 at 3-6.] While the Court will set a hearing to determine the amount of damages, it cautions Ms. Taylor that it previously found Dr. Virani's expert report inadmissible because Dr. Virani did not review any of Ms. Taylor's medical records from her time in the HRU, so "her proposed testimony could not competently lead to the conclusion that [her treating doctors'] care proximately caused any injury." [Filing No. 203 at 18.] This finding applies with equal force to proving damages against Dr. Jones because Ms. Taylor's allegations in this case relate solely to the care she was provided in the HRU. In short, to

9

the extent she attempts to do so, Ms. Taylor will not be able to rely on Dr. Virani's previously-filed report to prove the amount of damages to which she is entitled.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Ms. Taylor's Motion for Default Judgment, [205], to the extent that it finds in favor of Ms. Taylor on her Eighth Amendment deliberate indifference and negligence claims against Dr. Jones related to her time on suicide watch in the HRU. The Court **SETS** a damages hearing for **October 1, 2025** at **10:30 a.m.** in **Room 243**, United States Courthouse, 46 E. Ohio St., Indianapolis, Indiana. The Court **DENIES IN PART** the Motion for Default Judgment, [205], to the extent that it finds that the issue of whether Dr. Jones was an employee, agent, or representative of Centurion such that Centurion is vicariously responsible for any judgment entered against Dr. Jones is foreclosed by the absence of allegations in the Amended Complaint and the prior determinations by the Court. Instead, the hearing will relate solely to the issue of the amount of damages the Court should award Ms. Taylor as against Dr. Jones. Ms. Taylor must file an Exhibit List and a Witness List by **September 23, 2025** indicating what evidence she will rely on at the hearing. Final judgment will be entered after the damages issue is resolved.

Date: 8/7/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Greg Taylor
#883235
INDIANA STATE PRISON
Electronic Service Participant – Court Only

William Jones
675 Justice Way
Electronic Service Participant – Court Only

All Electronically Registered Counsel